IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LAURA LOUISE ALTHOUSE,<br><br>    Defendant. | Case No. CR08-1323 |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KARINA PILAR FREUND,<br>SHOLOM RUBASHKIN,<br>AGRIPROCESSORS, INC.,<br>BRENT BEEBE,<br>HOSAM AMARA,<br>ZEEV LEVI,<br><br>    Defendants. | Case No. CR08-1324<br><br>ORDER REGARDING MATERIAL<br>WITNESSES |

TABLE OF CONTENTS

I.    *INTRODUCTION*. . . . . . . . . . . . . . . . . 2

II.   *PROCEDURAL HISTORY*. . . . . . . . . . . . . . . . . . . . . 2
     A.    *Case Number 2:08-cr-01323-LRR*. . . . . . . . . . . . . 2
     B.    *Case Number 2:08-cr-01324-LRR*. . . . . . . . . . . . . 3

III.  *MATERIAL WITNESSES*. . . . . . . . . . . . . . . . . . . . 4

IV.  *DISCUSSION*. . . . . . . . . . . . . . . . . . . . . 7

1

    *A.    Beebe's Petition for Material Witness Order.* . . . . . . . . . . . . . . . . . 7
    *B.    Rubashkin's Motion to Perpetuate Testimony.* . . . . . . . . . . . . . . . 8
    *C.    Chehovska's Motion for Release, Order and Taking of Deposition.* . . 12

*V.    SUMMARY.* . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

These matters come before the Court on the Motions for Release of Material Witnesses filed by the Government on February 6, 2009;[1] the Motion to Perpetuate Testimony (docket number 377) filed by Defendant Sholom Rubashkin on February 26, 2009; the Petition for Material Witness Order (docket number 389) filed by Defendant Brent Beebe on March 5, 2009; the Motion for Release, Order and Taking of Deposition (docket number 391) filed by Witness Olena Chehovska on March 6, 2009; and the Motion for Release, Order and Taking of Deposition (docket number 393) filed by Witness Victor Hugo Sis-Tapaz on March 7, 2009. Pursuant to Local Rule 7.c, the motions will be decided without oral argument.

## II. PROCEDURAL HISTORY

### A. Case Number 2:08-cr-01323-LRR

On September 17, 2008, Defendant Laura Louise Althouse was charged by Indictment with aiding and abetting document fraud (Count 1) and aiding and abetting aggravated identity theft (Count 2). Althouse entered a plea of not guilty and trial was scheduled for November 17, 2008. On petitions filed by the Government, the Court issued arrest warrants for 22 material witnesses. Following initial appearances, all of the material witnesses were released under supervision.

On October 28, 2008, Althouse was charged by Information with conspiracy to harbor undocumented aliens for financial gain (Count 1) and with aggravated identity theft

---

[1] In *United States v. Althouse*, the motion is docket number 169. In *United States v. Freund, et al.*, the motion is docket number 286.

(Count 2). On the following day, Althouse appeared and entered pleas of guilty to both counts. On October 30, 2008, the District Court accepted Althouse's pleas of guilty and she is currently awaiting sentencing.

### B. *Case Number 2:08-cr-01324-LRR*

On September 17, 2008, Defendant Karina Pilar Freund was charged by Indictment with harboring and aiding and abetting the harboring of undocumented aliens. Freund entered a plea of not guilty and trial was scheduled for November 17, 2008. On petitions filed by the Government, arrest warrants were issued for nine material witnesses. Following their initial appearances, all of the witnesses were released under supervision.

On November 13, 2008, just prior to the scheduled trial, a Grand Jury returned a Superseding Indictment adding Sholom Rubashkin as an additional defendant. In addition to being added to Count 1, Rubashkin was also charged with aiding and abetting document fraud (Count 2) and aiding and abetting aggravated identify theft (Count 3). Rubashkin entered pleas of not guilty to all charges and the trial for both defendants was rescheduled for January 20, 2009.

On November 20, 2008, a Second Superseding Indictment was returned by a Grand Jury, adding additional counts and additional defendants. Specifically, Agriprocessors, Inc., Brent Beebe, Hosam Amara, and Zeev Levi were added as defendants. The Second Superseding Indictment contained 12 counts, including conspiracy to harbor undocumented aliens for profit, conspiracy to commit document fraud, and bank fraud. Following arraignment, the trial date remained unchanged.

On December 9, 2008, Freund was charged by Information with one count of aiding and abetting a pattern or practice of knowingly hiring undocumented aliens. Defendant appeared on the following day and entered a plea of guilty.[2] Freund is currently awaiting sentencing.

---

[2] The charge in the Information is a Class B misdemeanor.

On December 11, 2008, a Grand Jury returned a Third Superseding Indictment. Freund was removed as a defendant and a forfeiture allegation was added. Pursuant to Chief Judge Linda R. Reade's prior Order, trial was rescheduled for September 8, 2009.

On January 15, 2009, a Grand Jury returned a Fourth Superseding Indictment. The Defendants remain the same, but additional charges were added, bringing the total number of counts to 99. The trial date remains unchanged.

### III. MATERIAL WITNESSES

Twenty-two material witnesses were identified in *United States of America v. Laura Louis Althouse* (case number CR08-1323):

1. Onofre Macario Aguilar
2. Gabriel Calicio
3. Henry Londo Catu-Tala
4. Olena Chehovska
5. Maria De La Luz Valdez-Macias
6. Otto Ramiro Garcia-Barillas
7. Ignacio Guerrero-Espinoza
8. Patricia Hernandez
9. Monica Hernandez-Vidals
10. Jesus Loera
11. Javier Lopez Sajche
12. Luis Eduardo Lopez
13. Dibrey Lopez-Lopez
14. Elder Robinson Lopez-Lux
15. Byron Humberto Lopez-Luz
16. Reynaldo Lopez-Nunez
17. Jonas Ordonez-Alquijay
18. Sabio Ortiz-Nunez
19. Rigoberto Quiej-Xinico
20. Ulises Regino
21. Mario Toma
22. Noel Torres-Espinoza

Nine material witnesses were identified in *United States of America v. Karina Pilar Freund* (case number CR08-1324):

1. Enmer Azurdia-Jerez
2. Laura Castillo-Rodriguez
3. Selvin Godines
4. Aaron Junech-Vega
5. Juventino Lopez-Picilla
6. Oscar Mejia-Santos
7. Luis Enrique Quiroz Moncada
8. Victor Hugo Sis-Tapaz
9. Mario Tagual-Perez

Defendants Laura Althouse and Karina Freund have entered guilty pleas and "the government does not anticipate needing the above witnesses at any future proceedings" regarding those two Defendants. Accordingly, in its instant motions, the Government requests that the 31 persons named above be released from their designation as material witnesses for these two Defendants. Counsel for Althouse and Freund have no objection.

It should be noted, however, that of the 31 persons listed above, 21 of those persons have already been designated as material witnesses in *United States of America v. Agriprocessors, Inc. et al.*, (case number CR08-1324-LRR).[3] That is, the Government *does not* seek continuing material witness status for the following ten persons:

Javier Lopez Sajche
Luis Eduardo Lopez
Byron Humberto Lopez-Luz
Enmer Azurdia-Jerez
Selvin Godines
Aaron Junech-Vega
Juventino Lopez-Picilla
Oscar Mejia-Santos
Luis Enrique Quiroz Moncada
Victor Hugo Sis-Tapaz

---

[3] As set forth in the procedural history above, Karina Freund was the only Defendant initially named in case number CR08-1324-LRR. Agriprocessors, Inc. and the remaining Defendants were added in the same case, however, by a Superseding Indictment.

On February 26, Defendant Sholom Rubashkin filed a motion to perpetuate the testimony of four of the witnesses identified above. Specifically, Rubashkin asks that he be permitted to take the depositions of the following witnesses:

> Victor Hugo Sis-Tapaz (Tepaz)
> Elmer [sic] Azurdia-Jerez
> Javier Lopez-Sajche
> Selvin Godinez

On March 5, Defendant Brent Beebe filed a petition requesting that eight of the persons be identified as material witnesses. The proposed material witnesses include:

> Enmer Azurdia-Jerez
> Selvin Godines
> Aaron Junech-Vega
> Javier Lopez-Sajche
> Luis Eduardo Lopez
> Juventino Lopez-Picilla
> Oscar Mejia-Santos
> Luis Enrique Quiroz Moncada

In summary, the Government does not seek material witness status for ten persons previously identified as material witnesses in these two cases.[4] Of those ten persons, however, Beebe requests that eight be redesignated as material witnesses. Rubashkin does not ask that any of the persons be identified as material witnesses, but asks that he be permitted to perpetuate the testimony of four persons pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 15(a)(1). In addition to three persons already listed by Beebe, Rubashkin adds Victor Hugo Sis-Tapaz. Of the 31 material witnesses initially identified in *Althouse* and *Freund*, the only person in whom none of the parties apparently have any interest is Byron Humberto Lopez-Luz.

---

[4] The Court notes parenthetically that the Government has also identified four material witnesses in the *United States v. Agriprocessors, et al.* case who were previously identified in related actions: Bulmaro Paredes-Murado and Leonides Ordonez-Lopez had been identified in *United States v. Martin de la Rosa-Loera* (case number CR08-1313); and Antonio Vasquez-Sargosa and Josue Muj-Ixen had been identified in *United States v. Juan Carlos Guerrero-Espinoza* (case number CR08-1314).

## IV. DISCUSSION

### A. *Beebe's Petition for Material Witness Order*

The Court will first address Beebe's petition for material witness order. As set forth above, the Government has no further interest in ten of the thirty-one persons initially identified as material witnesses in these two cases. Beebe asks, however, that eight of those ten persons be redesignated as material witnesses in the case pending against him.

Under certain circumstances, a person may be designated as a material witness.

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title.

18 U.S.C. § 3144.

In an affidavit filed in support of Beebe's petition, Mr. Scheetz states "[t]hat upon my review of the discovery materials, I believe that the following persons possess evidence that is favorable to Mr. Beebe, and that said evidence is material to the defense of Mr. Beebe."[5] The affidavit then summarizes the evidence which Mr. Scheetz believes is material to Beebe's defense.

In its response, the Government states that it has no objection to the relief sought by Beebe. Selvin Godinez, one of the persons identified in Beebe's petition, also filed a response. Godinez notes that even if the material witness warrant is dissolved, he is still subject to supervision by the Court as a consequence of a supervised release term imposed in *United States v. Godinez*, Case No. 2:08-cr-01109-LRR. In addition, Godinez has been notified that he will be a witness in related state court cases. Godinez apparently has no objection to being identified as a material witness and continuing under supervision in that

---

[5] *See* Affidavit in Support of Material Witness Petition, ¶ 2 (docket number 389-2 at 1).

capacity. None of the other seven persons identified in Beebe's petition filed any response to Beebe's request that they be redesignated as material witnesses.

The Court concludes that the eight persons listed on Beebe's petition for material witness order should be redesignated as material witnesses in *United States v. Brent Beebe*, Case No. 2:08-cr-01324-LRR. Since those persons have been previously seen as material in the Althouse and Freund cases, the Court finds that another "initial appearance" is not required. The witnesses shall remain released under supervision under the modified conditions described by the Court at the hearing on February 5, 2009. *See* Hearing Minutes (docket number 281).

### B. Rubashkin's Motion to Perpetuate Testimony

While he has not asked that any persons be designated as material witnesses pursuant to 18 U.S.C. § 3144, Rubashkin seeks authority to perpetuate the testimony of four witnesses pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 15(a)(1). The Government resists.

Rubashkin requests that depositions be taken to perpetuate the testimony of four persons in whom the Government is no longer seeking material witness designations. At Beebe's request, however, the Court has now redesignated three of those four persons as material witnesses. That is, Rubashkin seeks to take the depositions of Enmer Azurdia-Jerez, Javier Lopez-Sajche, and Selvin Godinez, who have now been redesignated as material witnesses. In addition, Rubashkin seeks to perpetuate the testimony of Victor Hugo Sis-Tapaz, in whom neither the Government nor Beebe have sought material witness status.

FEDERAL RULE OF CRIMINAL PROCEDURE 15(a)(1) provides, in relevant part, as follows:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Accordingly, the Court must determine (1) whether there are "exceptional circumstances" in this case within the meaning of the rule and (2) whether permitting the witnesses to be deposed in order to preserve their testimony for trial is "in the interest of justice." The movant has the burden of proof in this regard. *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977).

To establish exceptional circumstances under Rule 15(a)(1), "the moving party must show the witness's unavailability and the materiality of the witness's testimony." *United States v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007) (quoting *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006)).

At the Government's request, 21 persons previously identified as material witnesses in the Althouse and Freund cases were redesignated as material witnesses in this case against Rubashkin, Agriprocessors, and Beebe. In addition, four persons who were previously identified as material witnesses in the de la Rosa-Loera and Guerrero-Espinoza cases have been redesignated as material witnesses in this case. At Beebe's request, the Court has also identified eight persons (including three who are the subject of Rubashkin's instant motion) who previously had the same designation in the Althouse and Freund cases, as material witnesses in this case. It is the Court's understanding that all 33 of these persons were arrested, pleaded guilty, and were sentenced following a workplace enforcement action at Agriprocessors on May 12, 2008. Each of the witnesses served a term of imprisonment of five months and most, if not all, are subject to removal from the United States.

It is the Court's further understanding, however, that no action will be taken to effect the removal of the witnesses while they retain their material witness designation and while this case is pending. Most of the witnesses have now obtained permission to work legally in the United States pending their removal and it is the Court's understanding that most of the witnesses are employed.

In arguing the "unavailability" of the witnesses, Rubashkin asserts that he "has no way to ensure that they would remain in Iowa" and that their availability is "discretionary on the witness."[6] This position is inconsistent, however, with that taken by Rubashkin at the hearing on February 5, 2009 to review the conditions of the material witness's supervision. At that time, Rubashkin's counsel stated that he had no reason to believe that the witnesses would fail to appear.

Following their initial appearances, the Court concluded that GPS monitoring was appropriate to ensure the witness's attendance at the time of trial. At the hearing on February 5, 2009, however, the Court concluded that since the witnesses had obtained stable residences and employment, GPS monitoring was no longer required. The Court believes that it is likely that the witnesses will remain in the United States and be available to testify at the trial. In a response to the instant motion, witness Selvin Godinez states that he does not intend to leave the United States in the immediate future and will fully comply with any subpoena requiring him to appear and testify at trial.[7]

The Court concludes that Rubashkin has failed to prove the "unavailability" of witnesses Azurdia-Jerez, Lopez-Sajche, and Godinez. Accordingly, Rubashkin has failed to establish "exceptional circumstances" required by Rule 15(a)(1) to perpetuate the witness's testimony by deposition.

The circumstances are different, however, for Victor Hugo Sis-Tapaz. As set forth above, Sis-Tapaz was initially identified as a material witness in the Freund case. The Government did not ask that he be redesignated as a material witness against Agriprocessors, *et al.*, however, and Beebe did not request that he be identified as a material witness. Accordingly, his status as a material witness is about to end. Therefore,

---

[6] *See* Rubashkin's Brief in Support of Motion to Perpetuate Testimony at 6 (docket number 377-2 at 6).

[7] *See* Material Witness Selvin Gardinez's Response to Defendant Rubashkin's Motion to Perpetuate Testimony (docket number 388).

10

he is subject to removal from the United States at any time. On March 7, 2009, Sis-Tapaz filed a "Motion for Release, Order and Taking of Deposition," stating that he "wishes to return to his country as soon as possible" and requesting that his deposition be taken rather than being required to appear at trial.[8]

The Court concludes that Rubashkin has established the "unavailability" of Sis-Tapaz to testify at the trial. An Order of Removal was entered for Sis-Tapaz on May 19, 2008. *See United States v. Victor Hugo Sis-Tapaz*, Case Number 2:08-cr-01049-MWB (docket number 13). Since Sis-Tapaz will no longer have material witness status, it is likely that the Government will take action to have him removed to Guatemala. Based upon his recent filing, it is likely that Sis-Tapaz will cooperate in his prompt return to Guatemala. If a witness's removal from the country is imminent and he will not be available to testify at a subsequent trial, then "exceptional circumstances" justify the perpetuation of his testimony pursuant to Rule 15(a)(1). *United States v. Terrazas-Montano*, 747 F.2d 467, 469 (8th Cir. 1984). *See also United States v. Elmardoudi*, 2007 WL 1246609 (N.D. Iowa) (granting the government's request to take a Rule 15(a) deposition of a witness who was about to be deported from the country).

The Government argues that Rubashkin has failed to establish the "materiality" of the witness's testimony, one of the requirements to establish "exceptional circumstances" under Rule 15(a)(1). *Cannon*, 475 F.3d at 1022. Rubashkin argues that Sis-Tapaz's testimony will support his claim that Karina Freund acted as a "rogue employee" and without Rubashkin's knowledge. The Court finds that "materiality" has been established for purposes of Rule 15(a)(1), but makes no judgment regarding whether the testimony will ultimately be admissible at the time of trial. The Court also finds that permitting the testimony of Sis-Tapaz to be perpetuated by deposition is "in the interest of justice," as required by Rule 15(a)(1).

---

[8] *See* Material Witness Victor Hugo Sis-Tapaz Motion for Release, Order and Taking of Deposition (docket number 393).

Accordingly, the Court finds that Rubashkin's motion to perpetuate testimony should be granted with respect to witness Victor Hugo Sis-Tapaz only. The deposition shall be held at a mutually agreeable time in a courtroom at the United States Courthouse in Cedar Rapids, Iowa. The witness, all Defendants, and all counsel shall appear personally at the deposition. The witness shall be examined and cross-examined as if he were testifying live at the time of trial. The deposition will be reported and also videotaped for the jury's viewing at the time of trial. Admission of the videotaped deposition at the time of trial is dependent, however, upon a party showing Sis-Tapaz's actual unavailability at that time, and the materiality of his testimony.

### C. Chehovska's Motion for Release, Order and Taking of Deposition

On March 6, 2009, Olena Chehovska filed a motion requesting that her deposition be taken "for trial evidentiary purposes" and that she then be released from material witness status. (*See* docket number 391). On February 4, 2009, Chehovska was identified as a material witness in the action against Agriprocessors, Rubashkin, and Beebe. *See* Order Regarding Material Witness (docket number 262). Chehovska waived a personal appearance (docket number 311) and is released under an Order Setting Conditions of Release (docket number 318).

According to her instant motion, Chehovska had previously sought relief in the immigration courts of the United States. Recently, however, Chehovska notified the immigration court that "she would be willing to consent to her voluntary removal." Hearing in the immigration court is scheduled for April 24, 2009. Chehovska asks that the parties be required to take her deposition and that she then be permitted to return to her home country. Neither the Government nor any of the Defendants have filed a response to the instant motion and the time for doing so has now expired. Accordingly, the Court finds that the motion should be granted. *See* Local Rule 7.f ("If no timely resistance to a motion is filed, the motion may be granted without notice.").

## V. SUMMARY

In summary, the Court concludes that the Motions for Release of Material Witnesses filed by the Government should be granted. It should be noted, however, that of the 31 persons previously identified as material witnesses in the Althouse and Freund cases, 21 of those persons have been redesignated as material witnesses in the instant action at the Government's request. Of the ten remaining witnesses in whom the Government has no further interest, Beebe has requested that eight of those persons be identified as material witnesses in this case. The Government has no objection and the Court finds the request should be granted. In other words, of the 31 material witnesses identified in Althouse and Freund, only two have not been redesignated as material witnesses in this case: Victor Hugo Sis-Tapaz and Byron Humberto Lopez-Luz.

The Court finds that Rubashkin's Motion to Perpetuate Testimony should be granted in part and denied in part. The motion is denied regarding Enmer Azurdia-Jerez, Javier Lopez-Sajche, and Selvin Godinez, who have been redesignated as material witnesses and will be available to testify at the time of trial. The motion is granted, however, regarding Victor Hugo Sis-Tapaz, who has not been redesignated as material witness and is subject to removal from the United States.

At the request of Olena Chehovska, the Court concludes that her testimony may be perpetuated by FEDERAL RULE OF CRIMINAL PROCEDURE 15(a)(1) and that she will then be released from material witness status.

No party has expressed any interest in the testimony of Byron Humberto Lopez-Luz and his status has a material witness is hereby terminated.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.   The Motion for Release of Material Witnesses (docket number 169) filed by the Government in *United States v. Laura Louise Althouse*, Case Number CR08-1323, is hereby **GRANTED**. Those persons listed on the motion are hereby released from their

designation as material witnesses in the Althouse case. It should be noted, however, that most of those persons have been redesignated as material witnesses in the case against Agriprocessors *et al.*

2.  The Motion for Release of Material Witnesses (docket number 286) filed by the Government in *United States v. Karina Pilar Freund*, Case Number CR08-1324, is hereby **GRANTED**. Those persons listed on the motion are hereby released from their designation as material witnesses in the Freund case. It should be noted, however, that most of those persons have been redesignated as material witnesses in the case against Agriprocessors *et al.*

3.  The Motion to Perpetuate Testimony (docket number 377) filed by Defendant Sholom Rubashkin is hereby **GRANTED IN PART** and **DENIED IN PART** as follows: The motion to perpetuate the testimony of Enmer Azurdia-Jerez, Javier Lopez-Sajche, and Selvin Godinez is **DENIED**. The motion to perpetuate the testimony of Victor Hugh Sis-Tapaz is **GRANTED**.

The deposition shall be held at a mutually agreeable time in a courtroom at the United States Courthouse in Cedar Rapids, Iowa. The witness, all Defendants, and all counsel shall appear personally at the deposition. The witness shall be examined and cross-examined as if he were testifying live at the time of trial. The deposition will be reported and also videotaped for the jury's viewing at the time of trial. Admission of the videotaped deposition at the time of trial is dependent, however, upon Rubashkin's showing of Sis-Tapaz's actual unavailability at that time, and the materiality of his testimony.

4.  The Motion for Release, Order and Taking of Deposition (docket number 391) filed by Material Witness Olena Chehovska is hereby **GRANTED**. The deposition shall be held at a mutually agreeable time in a courtroom at the United States Courthouse in Cedar Rapids, Iowa. The witness, all Defendants, and all counsel shall appear personally at the deposition. The witness shall be examined and cross-examined as if she

were testifying live at the time of trial. The deposition will be reported and also videotaped for the jury's viewing at the time of trial. Admission of the videotaped deposition at the time of trial is dependent, however, upon a party showing Chehovska's actual unavailability at that time, and the materiality of her testimony.

5. The Motion for Release, Order and Taking of Deposition (docket number 393) filed by Material Witness Victor Hugo Sis-Tapaz is **GRANTED** as set forth above.

DATED this 20th day of March, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA